N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES D. BAILEY                                                                              PLAINTIFF

vs.                                         Civil No. 2:11-cv-02118

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Charles D. Bailey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff protectively filed his current disability application on June 21, 2007.[2] (Tr. 18, 115-116). Plaintiff alleges being disabled due to post-traumatic stress disorder, major depression with psychotic features, memory problems, pain in the back, alcoholism, diabetes, and stress. (Tr. 28).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff previously filed a disability application alleging an onset date of March 31, 1994. (Tr. 25-29). This previous application was denied on March 22, 2000. *Id.*

In this application, Plaintiff initially alleged an onset date of March 1, 2000 but later amended that alleged onset date to March 31, 1994. (Tr. 18, 115-116). These applications were denied initially and again on reconsideration. (Tr. 53-74).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 75-78, 929-945). An administrative hearing was held on February 24, 2009.[3] (Tr. 929-945). At the administrative hearing, Plaintiff was present and was represented by Lawrence Fitting. *Id.* Plaintiff and Vocational Expert ("VE") David O'Neill testified at this hearing. *Id.* On August 3, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 18-22).

In that decision, the ALJ found Plaintiff's insured status for purposes of DIB expired on March 31, 1994. (Tr. 21). The ALJ also found there was a previous determination from March 22, 2000 which addressed Plaintiff's medical records up until March 31, 1994 and found Plaintiff was not disabled. (Tr. 21, 25-29). Because Plaintiff's alleged impairments prior and up to March 31, 1994 had been previously decided in an administrative opinion, the ALJ applied administrative *res judicata* and dismissed Plaintiff's case. (Tr. 18-22).

On August 10, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 13). *See* 20 C.F.R. § 404.968. On March 25, 2011, the Appeals Council declined to review this disability determination. (Tr. 4-7). On July 1, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 1, 2011. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

---

[3] It is unclear where this hearing actually took place. The hearing transcript only states it took place in "Arkansas." (Tr. 929-945).

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises one argument for reversal: the ALJ improperly applied the doctrine of *res judicata* in this case. ECF No. 10 at 1-10. Specifically, Plaintiff alleges *res judicata* should not have been applied because of the following "new and material" evidence: (1) VA treatment notes from 1997 to 2000 (Tr. 218-810); (2) VA examinations from 2001 and 2002 (Tr. 192-201); and (3) two medical source statements from 2007 (Tr. 213-217).

Based upon a review of the record, the prior ALJ issued a final decision on March 22, 2000 on Plaintiff's prior application. (Tr. 25-29). This decision addressed the time-period up to Plaintiff's Date Last Insured ("DLI") of March 31, 1994. *Id.* There is no dispute this was a final administrative decision, and Plaintiff recognizes he did not seek review of this unfavorable decision. ECF No. 10

at 8-9.  Instead, Plaintiff claims *res judicata* does not apply because of the "new and material" evidence referenced above, which make the facts in this case different from those before the ALJ in 2000.

However, even assuming the ALJ had not applied *res judicata* and had readjudicated this claim, Plaintiff still has not provided evidence establishing he was disabled prior to his DLI.  Indeed, all of the evidence he has presented relates to his condition *subsequent to* March 31, 1994.  Disability benefits requested under DIB cannot be paid for a period after a claimant's disability insured status expires or after his or her DLI.  *See Pyland v. Apfel,* 149 F.3d 873, 876 (8th Cir. 1998) (holding that to qualify for DIB, a claimant must show he was disabled before his DLI).  Thus, because Plaintiff's DLI was March 31, 1994, the ALJ was not required to adopt the findings from these medical records which were dated *at least three years* after that date.  *See Bayley v. Astrue,* 285 F. App'x 324, at *1 (8th Cir. 2008) (unpublished) (holding the ALJ did not err by failing to adopt the RFC finding of a treating physician that was completed two years after the claimant's DLI).  *See also Lee v. Astrue,* 276 F. App'x 529, at *1 (8th Cir. 2008) (unpublished) (also recognizing the ALJ is not bound to adopt the RFC findings from a treating physician which are dated "well after" the DLI).  Thus, this Court finds Plaintiff has not provided a basis for reversing and remanding the ALJ's determination.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of May 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

5